OPINION
Appellant, Stop-N-Go of Wadsworth, Inc., appeals from a decision of the Franklin County Court of Common Pleas affirming an order of appellee, the Liquor Control Commission.
On October 13, 1997, counsel for appellant submitted a form to the Department of Public Safety admitting the charges of selling and furnishing beer to a minor in violation of R.C.4301.69(A) and attached a statement in mitigation. The Department of Public Safety issued to appellant a notice of hearing before the Liquor Control Commission on December 4, 1997. Neither appellant nor its counsel appeared at the hearing. On December 16, 1997, the Liquor Control Commission issued an order revoking appellee's liquor permit effective January 6, 1998. Appellant filed a motion for reconsideration, but the Liquor Control Commission denied the motion. Appellant filed a notice of appeal in the Franklin County Court of Common Pleas on January 5, 1998, and also filed a motion for a stay of the Liquor Control Commission's order, which the common pleas court granted. Both parties filed briefs in the common pleas court. The common pleas court issued a decision and judgment entry on April 13, 1999, affirming the order of the Liquor Control Commission, but this decision was not filed until May 17, 1999. Appellant filed a timely notice of appeal.
On appeal, appellant asserts one assignment of error:
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
On June 29, 1997, Cindy Dye contacted the Orrville Police Department to report that a Stop-N-Go employee named Tom had sold her minor daughter, Jackie Duncan, beer on June 28, 1997. She agreed to allow the Orrville Police Department to enlist her daughter to attempt another controlled purchase at Stop-N-Go. On June 30, 1997, the police outfitted Duncan with a radio transmitter and gave her three dollar bills that had been photocopied. Duncan entered Stop-N-Go, and Tom Holbert, an employee of appellant, sold her a twenty-two ounce bottle of Budweiser beer. Duncan was fifteen years old at the time. After the purchase, the police arrested Holbert and recovered the money, beer, receipt and the tape from the radio transmitter. Subsequently, appellant fired Holbert.
Appellant's single assignment of error essentially asserts that the common pleas court erred by affirming the order of the Liquor Control Commission in that the evidence was insufficient to sustain the sanction of revocation. We are compelled to disagree.
Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111. If the trial court finds that the order is supported by reliable, probative and substantial evidence and is in accordance with law, then the trial court must affirm the order. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. However, an appellate court's review is more limited. Id. The appellate court reviews the trial court's decision on an abuse of discretion standard and, absent an abuse of discretion, the appellate court must affirm. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
The common pleas court suggested that the penalty of revocation was unduly harsh under the circumstances, but the court concluded that it had no authority to modify the penalty, which the Liquor Control Commission was authorized to impose under R.C.4301.24(A) based on appellant's admission. Thus, the common pleas court affirmed the order.
As this court indicated in McCartney Food Market, Inc.v. Liquor Control Comm. (June 22, 1995), Franklin App. No. 94APE10-1576, unreported:
 It is thus apparent from repeated interpretations and application of R.C. 119.12, when considering appeals from decisions of the liquor control commission, that a court does not have the authority to modify the penalty or sanction imposed against a licensee if there is substantial, probative, and reliable evidence of violation of the applicable statutes. The cases we have referenced unequivocally hold that once there is a proper determination of a violation of law by the commission, it has within its discretion the authority to impose various penalties, including revocation, and this aspect of the commission's decision cannot be altered on appeal.
As the trial court found, appellant did admit to the violations of R.C. 4301.69(A), and the sanction of revocation was authorized by R.C. 4301.25(A).
Consequently, we conclude that the common pleas court did not abuse its discretion in affirming the order of the Liquor Control Commission. Appellant's single assignment of error is overruled, and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 _____________________________ JUDGE KENNEDY
BRYANT and LAZARUS, JJ., concur.